Curia, per Frost, J.
It is not questioned that, when evidence lias been given which warrants the jury to consider *271 whether the prisoner was engaged in the alleged copspiracy, and had combined with others for the same illegal purpose,any act done or declaration made by one of the party, iti pursuance and promotion of the common object, are evidence agaius't the rest. But what one of the party may have said, not in pursuance of the ¡dot, cannot be received against the others. On the trial of Hardy, a question arose as to admissibility of a letter, written by Thelwall and sent to a third person, not connected with the conspiracy, containing seditious songs, which the letter stated to have been composed and sung at a society, of which society the prisoner and writer of the letter were proved to be members. - The letter was held tobe inadmissible; on the ground that the writing of the letter was not an act done in pursuance of the conspiracy, and that the latter was a mere narrative of what had passed.
It is not material to consider whether after the production of the correspondence between Simons and Shumaker, and other preliminary evidence of a conspiracy between them to defraud the creditors of Shumaker, in the manner charged, the objection to admitting evidence of the conversation between Shumaker and Sampson, on the grounds that the declarations of Shumaker were not competent evidence to charge Simons, was properly overruled ; nor whether, after it appeared. from Sampson’s testimony, that what Shumaker said was not in promotion of the object of the conspiracy, the further disclosure of Shumaker’s conversation with Sampson, when no objection was made to receiving the evidence, was an erior, for which a new trial should be granted.. Even if the conversation were not improperly received in evidence, the jury should have been instructed to reject the declarations of Shumaker, as evidence against Simons, and to discard them fiotn consideration in deciding the question of his criminality. This the Circuit Judge omitted to do.
The Court is of opinion, that the affidavit of Haine was improperly admitted. On the cross examination of Sampson, . by the defendant’s attorney, for the purpose of discrediting him, he was asked if he had not offered a bribe to Haine to make an affidavit — Sampson said he had not; but that Haine, himself, had offered to make an affidavit of the amount which Shumaker had deposited with Simons, if Colren would give him one hundred and fifty dollars. Sampson further said, that Haine would tell all about it, but would not make an affidavit. He .did' make an affidavit, but not about the money. This affidavit was offered by the State, on the re-examination of Sampson, and was admitted, not as an affidavit, but as part of the declarations of Haine, in the conversation between himself and Sampson, which the defendant’s attorney had brought out.
*272 In the.Q.ueen’s case, this question was submitted for the 0p¡u¡C)ri 0‘f t|)e Judges. If a witness for the prosecution, on his cross examination by the defendant’s attorney, should state that he had told (J. D. he was to be a witness against the prisoner, whether it would be competent for the piosecutor to go further in the re-examination, than might be neces-8,3ry to explain the expressions used by the witness', and his motive in telling C. D. that he was a witness: and to question the witness, generally, respecting the conversation he had had with (J. I). The Judges held the question to be incompetent; and declared the rule to be, that the counsel, on re-examination, had the right to ask all questions which might be proper to draw forth the motives of the witness and an explanation of the expressions of the witness, used in the cross examination, if they were, in themselves, doubtful ; but he had tio right to go furthei and introduce matter, new in itself, and not suited to explain the motives and expies-sions of the witness. 4nd a distinction was taken between a conversation which the witness may have had with a party to the suit, and with a third person. When, one party produces partial evidence of a conversation with the other party to the suit, the latter has a right to disclose the whole conversation. But the conversation of a witness with a third, person, is not, in itself, evidence against any party to the suit. It becomes evidence only as it may affect the character and credit of the witness; and the re-examination of the witness must be limited to such enquiñes as may put the Ocurt in possession of all which may affect his character and credit.
By this rule, the affidavit of Haine should not have been admitted on the re-examination of Sampson by the Attorney General. It was new matter, not pertinent to the subject of the defendant’s interrogation, whether Sampson had not offered a bribe to Maine, to swear that Shumaker had deposited money with Simons, nor tending to affect the character or credit of Sampson.
I am, besides, directed to express the opinion of the Court in favor of a new trial, upon the merits of the case. Simons and Shumaker are charged with a conspiracy to defraud the creditors of Shumaker, by secreting the sum of $7600, which Shumaker deposited with Simons, to be kept until Shumaker should obtain his insolvent discharge. The money, deposited with Simons, is the corpus delicti. If theie was no money deposited for the put pose alleged, the charge of conspiracy is at an end; and circumstances which may create suspicion against the defendants of having engaged in such a plot, are divested of any criminal character. The strongest circumstantial evidence to convict the accused of murder is unavailing, if it is not proved that some person was murdered.
*273 The deposite of money by Shumaker with Simons, rests almost exclusively on the declarations of Shumaker. They were made to appease and ptopitiate Ins creditors, into whose power lm had committed lnmseli. by Ins own criminal conduct, and should be heard with the cautiousness and suspicion which attend on the confessions of an accomplice. Shumaker’s reckless extravagance and unprincipled character are admitted by all parties. His confessions to Sampson were made under the strong influences of resentment, fear and interest. After having long supported him in his career of extravagance and riot, Sunous and Silcox at length became alarmed : and it was at their instance that Shumaker was attested and imprisoned by his creditors. He was then, at last, in the power of his enemies, (as he termed his creditors) from whom he had long absconded, and the meeting with whom, it is shewn by his letters, was a subject of distressing apprehension. He had, now, to account for what he had done with goods, to the amount of nine or ten thousand dollars, which he had, in less than a year, obtained on credit. He had nothing to shew or to surrender that might appease hisangty creditors. Sampson was sent for, and while his attorney was preparing his schedule, he confided to Sampson the resource for the payment of his debts, in the possession of Simons. Cohen, the largest and most eager of his, creditors, was called in. By a calculation it was shewn that the amount said to he in Simons’ hands would pay all his debts, and give a surplus of two or three thousand dollars to Shumaker, if the money could be got from Sitnous. He then made an assignment of the deposite, and some other effects of little value, to Cohen, for the benefit of his credi-tois. By his affidavit, made at the same time, he specified the several payments to Simons, with their dates,amounting, between 11th March’ and 12th April. 3848, to near $700(3, and in all, to $7600. The receipt or posses.-ion of so large a sum of money, at the time of the alleged payment to Sim-ons, or at any other time, was not shewn by any evidence whatevei ; nor was it attempted to explain how it was obtained. He liad made rto large sales of stock, nor borrowed any money. No receipt or acknowledgment for the money by Simons was produced. Shumaker had no money or means, except what he obtained on credit. If, ftom the amounts thus obtained be deducted the debts proved to have been paid, and to this latter amount he added losses, the personal expenses of Shumaker, and of the business, it appears to be impossible that he could itave had so latge a sutn. It is not consistent with his reckless improvidence and piofligate life that lie should have hoatded so much money. In his correspondence with Simons; apparently the most confidential, no allusion is made to any funds entrusted’ to *274 Simons. On the contrary, Shumaker’s letters express the warmest gratitude to Simons for his friendship and confidence, and his entire dependence on Simons; which comport, naturally, with a consciousness of ruin and danger, but cannot easily be reconciled with the belief that Shumaker was writing to a confederate, in whose charge he had left such ample resources to meet the claims of his creditors, or for future extravagance, if rescued from them. In his letters to Simons, he submits himself entirely to the government of Simons &Silcox, his bail, asking their consent to all his proposed movements. The acknowledgment and submission to such personal restraint, does not seem consistent with the independence which a party would exercise, whose bail were fully indemnified.
Besides Shumaker’s confessions, the only evidence to charge Simons with the receipt of any money for him, for the purpose of secretion from his creditors, is that to be collected from the correspondence and the testimony of Sampson, that Simons told him, he (Simons) was not uneasy about Shumaker’s return, because he had funds of Shu-maker to keep him harmless. The tenor of the correspondence has been already noticed. It exposes the co-operation of Simons with Shumaker to elude his creditors in procuring a discharge under the insolvent debtor’s Act, sufficient to support a charge of conspiracy to detain and secrete funds and effects of Shumaker from the claims of his creditors, if there was evidence that Shumaker had any money, or that it had been deposited with Simons. The’whole case must rest on the possession of Shumaker’s money by Simons. The evidence for such a charge against Simons appears to the court to be unsatisfactory.
The motion is granted.
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.

Motion granted.